The Honorable Richard A. Jones

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEARNS, CONRAD AND SCHMIDT, CONSULTING ENGINEERS, INC., dba SCS ENERGY, a Virginia Corporation,<br><br>*Plaintiff*<br>vs.<br><br>ENVIRONMENTAL SYSTEMS AND COMPOSITES, INC., dba ESC CORPORATION, a Washington corporation.<br>*Defendant*<br>------------------------------<br><br>ENVIREONMENTAL SYSTEMS AND COMPOSITES, INC., a Washington Corporation dba ENVIRONMENTAL SYSTEMS AND COMPOSITES, INC., dba ESC CORPORATION, dba ESC CORP,<br><br>*Counter-Plaintiff*<br>vs.<br><br>STEARNS, CONRAD AND SCHMIDT, CONSULTING ENGINEERS, INC., dba SCS ENERGY, a Virginia Corporation,<br>*Counter-Defendant* | No. **2;O9-cv-1616 RAJ**<br><br>**DECLARATION OF ESC ATTORNEY JAMES J. SULLIVAN** |

----------

DECLARATION OF JAMES J. SULLIVAN ON SUPPORT OF ESC CORPORATION'S RESPONSE TO MOTION TO COMPEL - **1** *of 4*

**JAMES J. SULLIVAN**
**ATTORNEY AT LAW**
**11110 NE 38th Place**
**Bellevue, Washington 98004-7653**
**Telephone: (425) 889-4521**

I, James J. Sullivan, declare as follows:

1. I am the attorney of record for Defendant/Counter Plaintiff ESC, am over the age of 18, am competent to testify and make the following declaration under penalty of perjury from my personal knowledge.
2. Opposing counsel complains that ESC insurance documents were not timely presented, that damage calculations have never been provided and that an interrogatory and a request for production were not timely answered.
3. Opposing counsel argues that sanctions against ESC are, therefor, required.
4. In February it occurred to opposing counsel that perhaps ESC had insurance covering SCS's claims against ESC and asked me about it. She asked that I produce under FRP 26(a) as a cooperative disclosure.
5. My client said that he did not have any insurance documents but that his insurance agent might. He did not know the dates of any insurances he had in the past. I made two efforts to secure the insurance documents from an insurance broker in the ensuing weeks but the insurance agent never gave me what seemed pertinent. Finally, this month, I went to ESC offices and rummaged through their archives and files. (ESC moved its office and factory in December and things were disorganized.) After a significant amount of time I found insurance documents. I immediately forwarded all of them to opposing counsel.
6. Opposing counsel elevated her demand for the insurance information by reducing it to an interrogatory and request.
7. We never discussed it under CR 37 because the last time we talked our answers and responses were not yet due.
8. Once we found the insurance documents we immediately provided them, and followed up by attaching them to the sworn signature of my client as to those documents by way of his answer and response to the opposition's interrogatory and request.
9. At no time did we object to providing the documents even though at one time I was concerned that we should not have to produce them if we did not possess them. Later, when I found them in my client's warehouse I immediately produced them.
10. I am concerned that, given the frivolous nature of this lawsuit, the opposition's demands for several years of documents might be merely contentious, irrelevant, made in bad faith

---------
DECLARATION OF JAMES J. SULLIVAN ON SUPPORT OF
ESC CORPORATION'S RESPONSE TO MOTION TO COMPEL - **2** *of 4*

JAMES J. SULLIVAN
ATTORNEY AT LAW
11110 NE 38th Place
Bellevue, Washington 98004-7653
Telephone: (425) 889-4521

and actually intended to be solely and unduly burdensome. Nonetheless, we have produced.

11. Without identifying what she wants or needs, opposing counsel has also demanded a computation of damages. As I have repeatedly told her, and the complaint bears this out, we are asking for full payment of the contract amount. All she need do is subtract the amount contracted for by the amounts her client has paid to date. The difference is what we have demanded.

12. We have also asked for interest and legal costs and fees based on contract, FRCP 11, and because SCS cannot meet the jurisdictional dollar amount.

13. I have pointed out that SCS documents contain my client's billings and explanations for those billings. I have pointed out that my client's files, given to the opposition, also contain invoices, explanations, and all the math necessary to a suitable billing. Opposing counsel rejects our efforts. (See Exhibit 1 hereto, a series of emails.)

14. Opposing counsel complains that our Answer and Response were late. All I can say is that once we knew we had something responsive and producible, we immediately gave it to her. We could not produce what we did not have.

15. The claim is made that CR37 was met as to our Answers and Responses by a telephone conversation between counsel. Actually, that conversation did not meet CR37 because we were not late at the time of our conversation - of other matters.

16. Opposing counsel complains that I was nonresponsive yet she knew at the time she made her demands that I was out of state and could not possibly comply.

17. To date, we have provided everything that can be produced and which is responsive.

18. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 26th day of April, 2010 at Bellevue WA.

_____
JAMES J. SULLIVAN
Attorney for Defendant ESC Corporation
WSBA #12423

----------
DECLARATION OF JAMES J. SULLIVAN ON SUPPORT OF ESC CORPORATION'S RESPONSE TO MOTION TO COMPEL - **3** *of 4*

JAMES J. SULLIVAN
ATTORNEY AT LAW
11110 NE 38th Place
Bellevue, Washington 98004-7653
Telephone: (425) 889-4521

### info@sullivanlaw.com

| | |
|---|---|
| **From:** | Marisa Bavand [mbavand@groffmurphy.com] |
| **Sent:** | Monday, April 26, 2010 2:23 PM |
| **To:** | James J. Sullivan |
| **Cc:** | Shelley Tolman; Mary Garner |
| **Subject:** | RE: SCS/ESC - ESC Insurance Policy |

This is getting a bit ridiculous Jim.  I am not going to tell you what to put in ESC's FRCP 26 disclosure.  All I want is a disclosure from ESC that complies with Rule 26 (a)(1) (iii), which requires "a computation of each category of " ESC's damages.  ESC needs to gather that info and put it in a disclosure. I do not know how to state it any more clearly.  A billing is not an updated FRCP 26 disclosure.  An email from you is not an updated disclosure.


**Marisa Bavand**
**Groff Murphy PLLC**
300 E. Pine Street
Seattle, WA 98122
T: (206) 628-9500
F: (206) 628-9506

*CONFIDENTIALITY NOTE:  This electronic mail contains information belonging to the sender that is solely for the recipient named above and which may be confidential or privileged.  SENDER EXPRESSLY PRESERVES AND ASSERTS ALL PRIVILEGES AND IMMUNITIES APPLICABLE TO THIS EMAIL.  If you are not the intended recipient, any disclosure or use of the contents of this communication is STRICTLY PROHIBITED.  If you have received this email in error, please notify me by telephone at (206) 628-9500 immediately.  Thank you.*

 Consider the environment before printing.

---

**From:** James J. Sullivan [mailto:jjs@sullivanlaw.com]
**Sent:** Monday, April 26, 2010 2:08 PM
**To:** Marisa Bavand
**Subject:** RE: SCS/ESC - ESC Insurance Policy

Will a current billing be enough, along with a statement of attorney fees to date? If not, kindly describe precisely what you want. Remember, we are only asking for the balance due on your client's contract, interest/carrying charges, and attorneys fees and costs. You have the contracts, you have previously billings, you have the interest rates to be applied to the unpaid billing, and you know that my rate is $310 an hour. I have repeatedly assured you that we are asking for payment of the debt and the costs of collection. At least, that has been our claim to date, as clearly described in our Complaint.

---

**From:** Marisa Bavand [mailto:mbavand@groffmurphy.com]
**Sent:** Monday, April 26, 2010 1:50 PM
**To:** James J. Sullivan
**Cc:** Shelley Tolman; Mary Garner
**Subject:** RE: SCS/ESC - ESC Insurance Policy

I can only repeat again what I said below:

"Per FRCP 26(a)(1)(iii), ESC is required to include in its disclosure document a computation of each category of its damages.  SCS just wants ESC's disclosure to comply with the rules.  Please provide "a

computation of each category" of ESC's damages in its FRCP 26 disclosure and get that to me."

**Marisa Bavand**
**Groff Murphy PLLC**
300 E. Pine Street
Seattle, WA 98122
T: (206) 628-9500
F: (206) 628-9506

*CONFIDENTIALITY NOTE: This electronic mail contains information belonging to the sender that is solely for the recipient named above and which may be confidential or privileged. SENDER EXPRESSLY PRESERVES AND ASSERTS ALL PRIVILEGES AND IMMUNITIES APPLICABLE TO THIS EMAIL. If you are not the intended recipient, any disclosure or use of the contents of this communication is STRICTLY PROHIBITED. If you have received this email in error, please notify me by telephone at (206) 628-9500 immediately. Thank you.*

 Consider the environment before printing.

---

**From:** James J. Sullivan [mailto:jjs@sullivanlaw.com]
**Sent:** Monday, April 26, 2010 1:08 PM
**To:** Marisa Bavand
**Subject:** RE: SCS/ESC - ESC Insurance Policy

I have contacted my client and they are preparing an updated billing. Is that what you want?

---

**From:** Marisa Bavand [mailto:mbavand@groffmurphy.com]
**Sent:** Monday, April 26, 2010 11:11 AM
**To:** James J. Sullivan; Mary Garner
**Cc:** Shelley Tolman
**Subject:** RE: SCS/ESC - ESC Insurance Policy

Jim:

Thanks for providing the documents. As you will recall, our motion also requested sanctions for having to bring the motion in the first place - just our costs in filing the motion. I have asked my client for direction on how it would like us to proceed. If we elect to proceed with the motion, we will notify the court that we received the policy and discovery responses from ESC, and that the motion is requesting the costs in having to bring the motion. I hope to hear back from my client this morning, and will get back to you ASAP on how it would like me to proceed.

With respect to other outstanding issues, we still do not have the updated FRCP 26 disclosure. You have repeatedly told me informally in emails and over the phone that ESC's damages are based on outstanding, unpaid invoices. I have made it clear on the phone, in my emails to you and in my letters to you that I want ESC to update its FRCP disclosure to reflect what you are telling me is ESC's damage calculation. This is required by the rules. I am not trying to be difficult here - I just want a complete FRCP 26 disclosure from ESC.

Per FRCP 26(a)(1)(iii), ESC is required to include in its disclosure document a computation of each category of its damages. SCS just wants ESC's disclosure to comply with the rules. Please provide "a computation of each category" of ESC's damages in its FRCP 26 disclosure and get that to me.

Thanks, Marisa

**Marisa Bavand**
**Groff Murphy PLLC**
300 E. Pine Street

4/26/2010

Seattle, WA 98122
T: (206) 628-9500
F: (206) 628-9506

*CONFIDENTIALITY NOTE: This electronic mail contains information belonging to the sender that is solely for the recipient named above and which may be confidential or privileged.  SENDER EXPRESSLY PRESERVES AND ASSERTS ALL PRIVILEGES AND IMMUNITIES APPLICABLE TO THIS EMAIL.  If you are not the intended recipient, any disclosure or use of the contents of this communication is STRICTLY PROHIBITED.  If you have received this email in error, please notify me by telephone at (206) 628-9500 immediately.  Thank you.*

 Consider the environment before printing.

---

**From:** James J. Sullivan [mailto:jjs@sullivanlaw.com]
**Sent:** Thursday, April 22, 2010 4:13 PM
**To:** Mary Garner
**Cc:** Marisa Bavand
**Subject:** RE: SCS/ESC - ESC Insurance Policy

Thank you for mailing copies of the newly numbered documents which we received this morning. Now I can finalize our answer and response to your interrogatories using actual Bates numbers. I shall secure my client's new signature tomorrow and forward by email and regular mail to you.

If you could, would you mind forwarding a copy of your pdf of these documents, ESC000001-000354? Please include any charges for copying or whatever.

Finally, by copy of this email I am asking Ms. Bavand if she still needs an "explanation" of "damages" calculations. The materials we supplied some time ago contain invoices and the contracts, which have default provisions. Taken together with the complaint and the statutes on which we base our claim for costs and fees, I believe we have provided all we have. It would seem that all the documents speak for themselves as to our damages, all of which are contractual and statutory.

---

**From:** Mary Garner [mailto:mgarner@groffmurphy.com]
**Sent:** Monday, April 19, 2010 3:21 PM
**To:** jjs@sullivanlaw.com
**Cc:** Marisa Bavand
**Subject:** SCS/ESC - ESC Insurance Policy

Dear Mr. Sullivan:

Thank you for forwarding ESC's insurance policy.  I understand some confusion has arisen regarding numbering schemes associated with ESC's original production.  The documents retrieved from your office were copied by our vendor but not Bates-numbered since we did not receive any instructions regarding a) whether you desired a copy, and b) your preferred numbering scheme.  To avoid further confusion, we will Bates number ESC's original production and today's production and forward a courtesy copy to you.  Unless you instruct otherwise, we will number the documents  "ESC000001" et seq.

Please let us know if you have questions or concerns regarding this document management strategy.

Best regards,
~ Mary


MARY L. GARNER
SENIOR PARALEGAL

GROFF MURPHY, PLLC
300 E. PINE STREET
SEATTLE, WA 98122

(206) 832-1471 DIRECT LINE
(206) 628-9506 FAX

CONFIDENTIALITY NOTE: THIS ELECTRONIC MAIL CONTAINS INFORMATION BELONGING TO THE SENDER THAT IS SOLELY FOR THE RECIPIENT NAMED ABOVE AND WHICH MAY BE CONFIDENTIAL OR PRIVILEGED. SENDER EXPRESSLY PRESERVES AND ASSERTS ALL PRIVILEGES AND IMMUNITIES APPLICABLE TO THIS EMAIL. IF YOU ARE NOT THE INTENDED RECIPIENT, ANY DISCLOSURE, COPYING, DISTRIBUTION OR USE OF THE CONTENTS OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS EMAIL IN ERROR, PLEASE NOTIFY ME BY TELEPHONE (206) 628-9500 IMMEDIATELY. THANK YOU.

 Consider the environment before printing.

I, James J. Sullivan, certify under penalty of perjury under the laws of the United State of America that, on April 26, 2010 I caused to be served by ECF the foregoing document to the Plaintiff by and through its attorneys listed below.

David C. Groff dgroff@groffmurphy.com
Marisa M. Bavand mbavand@groffmurphy.com
300 East Pine Street
Seattle WA 98122
206.628.9500
206-628-9506 (F)

_____
James J. Sullivan

---

DECLARATION OF JAMES J. SULLIVAN ON SUPPORT OF ESC CORPORATION'S RESPONSE TO MOTION TO COMPEL - **4** *of 4*

**JAMES J. SULLIVAN**
**ATTORNEY AT LAW**
11110 NE 38th Place
Bellevue, Washington 98004-7653
Telephone: (425) 889-4521