The Honorable Richard A. Jones

1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

9

| | |
|---|---|
| STEARNS, CONRAD AND SCHMIDT, CONSULTING ENGINEERS, INC., dba SCS ENERGY, a Virginia Corporation, | No. **2;O9–cv–1616 RAJ** |
| *Plaintiff* | **DEFENDANT ESC'S MOTION FOR RECONSIDERATION OF COURT'S RULINGS OF JULY 15, 2010 RE PLAINTIFF SCS's MOTION TO COMPEL.** |
| *vs.* | |
| ENVIRONMENTAL SYSTEMS AND COMPOSITES, INC., dba ESC CORPORATION, a Washington corporation. | |
| *Defendant* | |
| ------------------------------ | |
| ENVIREONMENTAL SYSTEMS AND COMPOSITES, INC., a Washington Corporation dba ENVIRONMENTAL SYSTEMS AND COMPOSITES, INC., dba ESC CORPORATION, dba ESC CORP, | |
| *Counter-Plaintiff* | |
| *vs.* | |
| STEARNS, CONRAD AND SCHMIDT, CONSULTING ENGINEERS, INC., dba SCS ENERGY, a Virginia Corporation, | |
| *Counter-Defendant* | |

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30

**ESC MOTION FOR RECONSIDERATION** – **1** *of 5*

**JAMES J. SULLIVAN**
**ATTORNEY AT LAW**
**11110 NE 38th Place**
**Bellevue, Washington 98004-7653**
**Telephone: (425) 889-4521**

I realize that motions for reconsideration are disfavored.

By its order of July 15, 2010 in response to Plaintiff/Counter-Defendant SCS Energy's motion to compel the court concluded that the undersigned, as counsel for ESC, lacked "**diligence**" in seeking insurance documents, that the undersigned "**stubbornly** refused to update its computation of damages statement," offering "no **credible** justification for this conduct."

In my forty years before the bar I have never been so openly accused of courtroom dereliction, professional impropriety, or such a deliberate and blatant lack of respect for any court, the legal system or its processes.

At the times in question ESC and all of its principals (two people) were involved in a much larger case than the one at hand in Applied Filter Technology Inc., v. Jeff Wetzel, et al., WAWD No. C09-1040JLR. That case involved a massive amount of documentary and electronic discovery. In addition to the demands of extensive production in that case ESC had recently relocated its offices and factory.  ESC is a startup company with its people constantly on the road, marketing, installing and constructing their products all over the world. At the same time ESC was trying to meet local manufacturing and production demands at its new plant in Redmond so as to try to stay afloat.

The founder and president of the company, Mr. Howard, told me that he could find no insurance records and, even if they existed he doubted there would be any coverage for SCS.  He said he would contact his insurance agent and see what he might have.

I have known Mr. Howard for 37 years and trust him. When I telephonically related to opposing counsel that we were essentially being asked to look for something that did not seem to exist and that, if it by some stretch of the imagination it did exist, it wouldn't give her client anything by way of insurance coverage, she seemed to understand. However, her later correspondence adopted a more strident tone. Consequently I personally went to the ESC factory and personally went through file cabinets, archives and desk drawers. To our surprise we found that ESC had some evidence of insurance at the time in question; however, we also confirmed that it afforded no coverage whatsoever of benefit to SCS.

Thus without any value whatsoever, the papers were nonetheless delivered to SCS counsel.

**JAMES J. SULLIVAN**
**ATTORNEY AT LAW**
**11110 NE 38th Place**
**Bellevue, Washington 98004-7653**
**Telephone: (425) 889-4521**

As for the Rule 26 (a) disclosure of damages, significant effort was made by the undersigned to produce a form acceptable to opposing counsel.  The first disclosure was made on time, in mid-January of this year. SCS counsel used it to prepare the usual disclosure to the court. Over three weeks later, however, counsel raised an objection to the format of the disclosure as presented. We gave her two more disclosures but she found them unacceptable.

Last week I supplied my third amended 26(a) disclosure. I followed the format used by SCS in reiterating the damages and the bases therefor. It followed the format of the SCS damage disclosures in that it said nothing more nor less than what the Complaint had already laid out and which the documentary evidence produced to date already said.

In my cover letter transmitting the disclosure to SCS last Friday I asked three SCS attorneys and two paralegals to please let me know whether or not their needs had been met and to please let me know, favorably or unfavorably, as soon as possible. They have ignored my request. This is so because there is nothing new in the disclosures that SCS and its lawyers did not already have since the start of this case by way of pleadings and documentary evidence .

Opposing counsel has made much of my "ignoring" her demands. What she has withheld from the court is the fact that she had actual knowledge that on some of the occasions when she made demands I was out of the office and, on at least one occasion, out of state. In February, for example, I was in Minnesota. I had told her in writing I was going to be gone and the dates I would be gone. Nonetheless during that time she made a demand during my absence. She submitted that demand with her documents in support of her motion to compel but she deliberately withheld the fact that she knew I was not here.

Finally, the background statement contained in the court order makes conclusions most favorable to SCS. I wish to go on record as disputing the characterizations of ESC's involvement in the transactions that gave rise to this suit. SCS and ESC collaborated in the design of the products in question and SCS bears responsibility for any design defects.  Construction and testing of the industrial tanks were carried out by third parties, which SCS has not named in this case. SCS damaged the tanks after delivery, and installed them incorrectly. The evidence is clear on this. SCS is simply trying to beat ESC out of paying its bill and is using litigation to push ESC into an unwelcome compromise of its billing.

For the foregoing reasons I ask that the courtreconsider its conclusions and

**JAMES J. SULLIVAN**
**ATTORNEY AT LAW**
**11110 NE 38th Place**
**Bellevue, Washington 98004-7653**
**Telephone: (425) 889-4521**

characterizations in its order of July 15, 2010.

DATED this 29th day of July 2010.

_____
JAMES J. SULLIVAN
Attorney for Defendant ESC Corporation
WSBA #12423

ESC MOTION FOR RECONSIDERATION – **4** *of 5*

I, James J. Sullivan, certify under penalty of perjury under the laws of the United State of America that, on July 29, 2010 I caused to be served by ECF the foregoing document to the Plaintiff by and through its attorneys listed below.

David C. Groff dgroff@groffmurphy.com
Marisa M. Bavand mbavand@groffmurphy.com
Shelly Tolman stolman@groffmurphy.com
300 East Pine Street
Seattle WA 98122
206.628.9500
206-628-9506 (F)

_____
James J. Sullivan

ESC MOTION FOR RECONSIDERATION - **5** *of 5*

**JAMES J. SULLIVAN**
**ATTORNEY AT LAW**
**11110 NE 38th Place**
**Bellevue, Washington 98004-7653**
**Telephone: (425) 889-4521**